**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Duane Edward WICKER, Defendant–Appellant.**

**No. 13–50262.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2014.*

Filed March 17, 2014.

Linda A. Frakes, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeremy Warren, Law Offices of Jeremy D. Warren, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

MEMORANDUM **

Duane Edward Wicker appeals from the district court's judgment and challenges the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wicker contends that the district court erred procedurally by relying on an improper sentencing consideration, namely, the desire "to avoid more confusion," in

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

selecting his sentence. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court relied on proper sentencing factors when determining the sentence. *See* 18 U.S.C. § 3583(e).

Wicker also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Wicker's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Wicker's extensive criminal history and his history on supervision. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.